# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| FNB BANK, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-0064-WS-C |
| | ) | |
| PARK NATIONAL CORPORATION, | ) | |
| et al., | ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court on the plaintiff's motion for judgment on the pleadings. (Doc. 53). The parties have filed briefs in support of their respective positions, (Docs. 54, 64, 68), and the motion is ripe for resolution.

"Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Cunningham v. District Attorney's Office*, 592 F.3d 1237, 1255 (11th Cir. 2010) (internal quotes omitted). "It is axiomatic … that for purposes of the court's consideration of the Rule 12(c) motion, all of the well pleaded factual allegations in the adversary's pleadings are assumed to be true and all contravening assertions in the movant's pleadings are taken to be false." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 at 230 (3rd ed. 2004). Thus, "[u]pon such a motion [for judgment on the pleadings,] denials and allegations of the answer which are well pleaded must be taken as true." *Beal v. Missouri Pacific Railroad Corp.*, 312 U.S. 45, 51 (1941); *accord United States v. $41,580.00 in U.S. Currency*, 253 Fed. Appx. 880, 882-83 (11th Cir. 2007). The plaintiff concedes

that "the allegations … of the moving party are to be taken as true only where they have been admitted." (Doc. 68 at 1-2).[1]

The plaintiff seeks judgment on the pleadings as to Count I (for breach of contract) and Count IV (for specific performance). Count I alleges that the defendants breached the parties' contract ("the Agreement") in multiple ways, including by "refusing to repurchase FNB's participation interest pursuant to the terms of the Participation Agreement." (Doc. 49 at 20-21, ¶ 73). The plaintiff argues that the defendant's answers contain admissions to the allegations of paragraphs 1, 6, 11, 17, 34, 43, 44, 45, 47, 63, 65, 68 and 69 of the amended complaint which, taken together, establish that they breached the Agreement by failing to repurchase the plaintiff's participation interest. (Doc. 54 at 2-4, 5-7).[2]

The threshold problem with the plaintiff's position is that the defendants did not in fact admit all the allegations of the listed paragraphs. (Docs. 51, 52). For example, under paragraph 65 the defendants stated only that certain letters from the plaintiff speak for themselves, not that the contents of the letters are true.

---

[1] The plaintiff, quoting *Cannon v. City of West Palm Beach*, 250 F.3d 1299 (11th Cir. 2001), initially argued that the Court must accept as true all the facts alleged in the complaint. (Doc. 54 at 4-5). *Cannon*, however, concerned a motion for judgment on the pleadings filed by the defendant, not the plaintiff. The defendants pointed out the correct test in their responsive brief, (Doc. 64 at 3), and the plaintiff in reply acknowledges its error. (Doc. 68 at 1-2).

[2] In its reply brief, the plaintiff identifies additional allegations it believes are admitted by the defendants' answers. (Doc. 68 at 3). "[N]othing in the extant authorities, or in the Federal Rules of Civil Procedure, forbids a movant from making supplemental record submissions in a reply brief to rebut specific arguments raised by the non-movant's opposition brief." *Hammons v. Computer Programs and Systems, Inc.*, 2006 WL 3627117 at *14 (S.D. Ala. 2006). Absent such a situation, however, "[i]t is well accepted that … submission of new facts in [a] reply brief is improper." *Sideraulic System SpA v. Briese Schiffahrts GmbH & Co.*, 2011 WL 3204521 at *2 n.4 (S.D. Ala. 2011) (internal quotes omitted). And, of course, "[d]istrict courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Gross-Jones v. Mercy Medical*, 874 F. Supp. 2d 1319, 1330 (S.D. Ala. 2012). The plaintiff has not shown that its submissions fall outside these rules or within some exception to them.

(Doc. 51, ¶ 65; Doc. 52, ¶ 65). And the defendants denied they were in default or that a repurchase obligation existed. (*Id*.).

The more fundamental problem is that the only paragraph expressly accusing the defendants of breaching the Agreement is paragraph 73, and the defendants expressly deny the allegations of paragraph 73. (Doc. 49, ¶ 73; Doc. 51, ¶ 73; Doc. 52, ¶ 73). Because the Court is required to treat the defendants' denial of a breach as true and the plaintiff's allegation of a breach as false, the plaintiff cannot obtain judgment on the pleadings as to any breach of contract.[3]

The plaintiff's motion as to Count IV explicitly depends on the success of the motion as to Count I. (Doc. 54 at 7-9). Because the motion fails as to Count I, it also fails as to Count IV.

For the reasons set forth above, the plaintiff's motion for judgment on the pleadings is **denied**.

DONE and ORDERED this 25th day of October, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Assuming without deciding that, within the paragraphs cited by the plaintiff, there are admissions which, stitched together, show a breach of the Agreement by failure to repurchase the plaintiff's participation interest, the plaintiff has not endeavored to show that the express denial of contractual breach in paragraph 73 can on that account be ignored. The Court will neither assume the existence of such a principle nor search for evidence of it on the plaintiff's behalf.