# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| FNB BANK, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 13-0064-WS-C |
| | ) | |
| PARK NATIONAL CORPORATION, et al., | ) ) | |
| | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court on the motion of defendant SE Property Holdings, LLC ("SEPH") to strike certain statements in the affidavit of Mike Baggett. (Doc. 132). The plaintiff has filed a response, (Doc. 147), and the motion is ripe for resolution.

SEPH challenges three statements in Baggett's affidavit: (1) that, had the plaintiff known about the payments to Daryl Melton, it "would not have participated in the Marine Park loan"; (2) that, had the plaintiff known that "Jimmy Boyd advised Vision that the borrowers could not pay the Marine Park loan interest and needed a loan for that and other purposes, [it] would have stopped funding the Marine Park loan"; and (3) that, had the plaintiff known of the March 2008 downgrade of the loan, it "would have downgraded the loan and would have formulated a repayment plan, including urging Vision to take immediate action against the guarantors and borrower." (Doc. 120-2).

As to all three statements, SEPH objects that Baggett's statements concerning what the plaintiff would have done is "purely conclusory" in that it gives no explanation "how or why" the information would have caused the

plaintiff to behave differently.[1]  SEPH also appears to believe Baggett was required to include in his affidavit facts concerning the underlying situation, such as "describ[ing] the payments in question," "explain[ing] what a 'downgrade' is" and "what caused the loan to be downgraded," and even to "attach the referenced testimony" of others.  As to the second statement, SEPH also labels its reference to Jimmy Boyd's statement as inadmissible hearsay.

It is true that a "merely conclusory" affidavit, unaccompanied by other evidence, is insufficient to defeat summary judgment.  *United States v. W.H. Hodges & Co.*, 53 F.2d 276, 278 (5th Cir. 1976).[2]  But SEPH has failed to show that a party's testimony that it would have behaved differently under different circumstances is "merely conclusory."  Is a defendant's testimony that she would have stopped her vehicle had the light been red merely conclusory if she does not explain what would have caused her to stop at a red light?  Is a plaintiff's testimony that he would have stopped trading with his broker had he known of the broker's criminal history merely conclusory if he does not explain how that criminal history was relevant to his thought process?  SEPH  offers no authority or reasoning to support such an odd rule.

It is certainly appropriate for a party to testify as to what it "would have done" had different circumstances been presented.  *See, e.g., Gentry v. Harborage Cottages-Stuart, LLLP*, 654 F.3d 1247, 1262 (11th Cir. 2011) (affidavits stating that the plaintiffs "would have timely revoked their contracts had they been notified of" certain facts was sufficient to support summary judgment); *Imaging Business Machines, LLC v. BancTec, Inc.*, 459 F.3d 1186, 1190 (11th Cir. 2006)

---

[1] Baggett was the plaintiff's executive vice-president and apparently the representative of the plaintiff most intimately involved with its participation interest in the Loan.  SEPH prudently does not suggest that Baggett lacks personal knowledge of what the plaintiff would have done with the missing information.

[2] Other than *W.H. Hodge*, SEPH relies only on an Eleventh Circuit case addressing expert opinions and two state court opinions that are both distinguishable and not binding on the Court.  None advances SEPH's position.

(affidavit stating that the plaintiff "would have ceased selling scanners to [the defendant]" had the defendant disclosed certain facts "was sufficient evidence to create a triable issue of fact whether [the plaintiff] suffered the injury specifically alleged in the complaint"); *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1244-45 & n.14 (11th Cir. 2003) (on summary judgment, court was required to accept as true the plaintiff's statement in his affidavit that "he would have submitted to Officer Welker had he been asked to do so," even though the plaintiff admitted he had repeatedly refused an order to drop the stick he was carrying). SEPH has made no effort to reconcile its position with these binding precedents.

To the extent SEPH craves more detail concerning the "how and why" of Baggett's affidavit testimony as to what the plaintiff would have done, it deposed him for two days[3] and so had an extraordinarily generous opportunity to find out. Yet, as the plaintiff points out, (Doc. 147 at 3-7), SEPH elected to ask almost no questions concerning damages and, even though Baggett testified that each of the three non-disclosures addressed in his affidavit breached the Agreement, SEPH asked him nothing about how those non-disclosures had damaged the plaintiff. SEPH has not explained why its casual approach to discovery should be rewarded by excluding unfavorable testimony on the grounds it does not contain detail SEPH elected not to obtain.

Similarly unavailing is SEPH's suggestion that an affidavit must be a self-contained universe of information fully encompassing the background facts. The administration of justice would grind to a halt under such a laborious system. Background facts may be found elsewhere in the record (as they are in this case); SEPH's inability to cite a single authority for its contrary proposition adequately reflects its lack of merit.

Finally, the alleged statement by Jimmy Boyd is not hearsay at all, because it is not "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The evidence is not offered to prove that the

---

[3] (Doc. 147 at 3). The transcript exceeds 575 pages.

borrowers in fact could not pay interest on the Loan but to prove that, had the plaintiff known the statement been made, it would have stopped funding the Loan. (Doc. 147 at 10).

For the reasons set forth above, the motion to strike is **denied**.

DONE and ORDERED this 27th day of December, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE