# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **FNB BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 13-0064-WS-C** |
| | ) | |
| **PARK NATIONAL CORPORATION,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on the motion of defendant Park National Corporation ("Park") for summary judgment. (Doc. 110). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 111-12, 114, 140-41, 144, 151), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be denied.

## BACKGROUND

According to the second amended complaint, (Doc. 130), non-party Vision Bank ("Vision") made a $5 million loan ("the Loan") to non-party Marine Park, LLC ("Marine") for a real estate development project, secured by certain realty and guarantied by multiple guarantors. In March 2007, Vision sold a 100% participation interest in the loan to the plaintiff, with the parties' obligations memorialized in a written agreement ("the Agreement"). Later the same month, Vision consummated a merger agreement with Park, a bank holding company, and Vision became Park's subsidiary. Park thereafter became closely involved in supervising Vision. Over the next two years, Vision made a number of misstatements, repeatedly failed to disclose important information, and engaged in

other conduct to which the plaintiff objects.  The Loan matured without payment in January 2009, and litigation with Marine and the guarantors is ongoing.

In February 2012, Park sold certain "good" assets of Vision to non-party Centennial Bank.  In February 2012, Park merged Vision into defendant SE Property Holdings, LLC ("SEPH"), a wholly owned subsidiary of Park, and Vision ceased to exist.  Among the "bad" assets retained by Vision and transferred to SEPH was the Loan.

In January 2013, the plaintiff sent the defendants a letter identifying multiple defaults under the Agreement and demanding that the defaults be cured or its participation interest repurchased as provided for in the Agreement.  The defendants neither cured nor repurchased.

The four counts against the defendants assert the following:  (1) breach of contract; (2) negligence; (3) willful misconduct; and (4) specific performance.  Park seeks summary judgment as to all claims.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

There is no burden on the Court to identify unreferenced evidence supporting a party's position.[1] Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited. Likewise, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment," *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995), and the Court accordingly limits its review to those arguments the parties have expressly advanced.

## I. Breach of Contract.

Park first argues that it is entitled to summary judgment for the reasons expressed in the motion for summary judgment filed by SEPH. (Doc. 111 at 1). The Court has by separate order denied SEPH's motion for summary judgment in its entirety, so it is of no assistance to Park.

Count One alleges that Park is liable for breach of contract because, "as the alter ego, principal or successor of Vision, [it] is obligated under the Participation Agreement." (Doc. 130 at 19, ¶ 70).[2] Count One further alleges that Park is liable "because it has undertaken the duty to fulfill Vision's contractual obligations." (*Id.*, ¶ 71). Despite these clear allegations that Park's liability is based on its relationship with Vision and its voluntary undertaking, Park does not address any of these theories. Instead, Park argues only that *SEPH* is not its alter ego and that *SEPH* is not its agent. (Doc. 111 at 6-11). Because Count One does not rest on Park's relationship with SEPH but on its relationship with Vision (and on its

---

[1] Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."); *accord Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("The district court has discretion to go beyond the referenced portions of these [summary judgment] materials, but is not required to do so.").

[2] The plaintiff has abandoned its "successor" theory of Park's liability. (Doc. 140 at 9 n.4).

voluntary undertaking), Park's argument is wholly inapposite and cannot support summary judgment.

After the plaintiff in its brief pointed out Park's error, Park in its reply brief retrained its guns in the right direction. But its effort comes too late. "District courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Gross-Jones v. Mercy Medical*, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining the underlying rationale). Park identifies no reason to depart from this well-established rule, and the Court declines to do so, especially since the basis of the plaintiff's claim is stated explicitly in the body of Count One.

## II. Negligence and Willfulness.

Park's entire argument consists of the ipse dixit that it "did not owe [the plaintiff] any duties of care" because it "never administered the loan, and never assumed any duty to" the plaintiff. (Doc. 111 at 11-12). Park cites to no evidence that establishes these propositions and engages in no discussion of the law concerning the circumstances under which a duty of care arises. Park's treatment falls far below the minimum needed to carry its initial burden on motion for summary judgment. In its reply brief, Park complains that the plaintiff's brief in opposition fails to establish the existence of a duty, (Doc. 151 at 12), but, since Park never carried its initial burden, the plaintiff's treatment of the issue is irrelevant. *E.g., Imaging Business Machines, LLC v. BancTec, Inc.*, 459 F.3d 1186, 1190 (11th Cir. 2006).

## III. Specific Performance.

Park argues that, since specific performance is a remedy provided by the Agreement, and since it is not a party to the Agreement, it cannot be compelled by specific performance to repurchase the plaintiff's participation interest. (Doc. 111 at 13-14). The plaintiff responds that Park's alleged status as Vision's alter ego

and principal exposes it to specific performance of the repurchase obligation. (Doc. 140 at 25). Park offers no reply. Since Park's status as alter ego and/or principal of Vision remains open, and since Park has not refuted the proposition that such a status would permit enforcement of the repurchase option against it, its motion for summary judgment must fail.[3]

## CONCLUSION

For the reasons set forth above, Park's motion for summary judgment is **denied**.

DONE and ORDERED this 27th day of December, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] However, in ruling on the plaintiff's motion for partial summary judgment, the Court has definitively ruled that Sections 1 and 14 of the Agreement preclude the plaintiff from seeking to enforce the repurchase option. That ruling protects Park as much as it does SEPH.